IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| INNOMEMORY LLC,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>MEDIATEK INC.,<br><br>　　　　　　　　Defendant. | Case No.<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Innomemory LLC ("Innomemory" or "Plaintiff") for its Complaint against MediaTek Inc. ("MediaTek" or "Defendant") alleges as follows:

**THE PARTIES**

1. Innomemory is a limited liability company organized and existing under the laws of the State of Texas, with its principal place of business located at 209 East Houston Street, Marshall, Texas 75670

2. Upon information and belief, MediaTek is a Taiwanese corporation with its principal place of business located at No. 1, Dusing 1st Road, Hsinchu Science Park, Hsinchu City 30078 Taiwan, Republic of China. Upon information and belief, MediaTek does business in Texas and in the Eastern District of Texas, directly or through intermediaries.

**JURISDICTION**

3. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq*. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. This Court has personal jurisdiction over Defendant. Defendant regularly conducts business and has committed acts of patent infringement and/or has induced acts of patent infringement by others in this Judicial District and/or has contributed to patent infringement by others in this Judicial District, the State of Texas, and elsewhere in the United States.

5. Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391 because, among other things, Defendant is not a resident in the United States, and thus may be sued in any judicial district pursuant to 28 U.S.C. § 1391(c)(3).

6. Defendant is subject to this Court's jurisdiction pursuant to due process and/or the Texas Long Arm Statute due at least to its substantial business in this State and Judicial District, including (a) at least part of its past infringing activities, (b) regularly doing or soliciting business in Texas, and/or (c) engaging in persistent conduct and/or deriving substantial revenue from goods and services provided to customers in Texas.

## PATENT-IN-SUIT

7. On May 29, 2001, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 6,240,046 (the "'046 Patent") entitled "Integrated Circuit Random Access Memory Capable of Reading Either One or More Than One Data Word In a Single Clock Cycle". A true and correct copy of the '046 Patent is available at http://pdfpiw.uspto.gov/.piw?docid=6240046.

8. Innomemory is the sole and exclusive owner of all right, title, and interest in the '046 Patent (the "Patent-in-Suit") and holds the exclusive right to take all actions necessary to enforce its rights to the Patent-in-Suit, including the filing of this patent infringement lawsuit. Innomemory also has the right to recover all damages for past, present, and future infringement of the Patent-in-Suit.

## FACTUAL ALLEGATIONS

9. The '046 Patent generally discloses an apparatus and method for reading data from a memory array. The technology described in the '046 Patent was developed by Robert J. Proebsting. By way of example, this technology is implemented today in microchips and SoCs with embedded Random Access Memory ("RAM"), among other products.

10. MediaTek has infringed the Patent-in-Suit by making, using, offering to sell, selling, and/or importing products, including microchips and SoCs with embedded Ram, which implement the technology covered by the Patent-in-Suit.

## COUNT I
### (Infringement of the '046 Patent)

11. Paragraphs 1 through 10 are incorporated by reference as if fully set forth herein.

12. Innomemory has not licensed or otherwise authorized Defendant to make, use, offer for sale, sell, or import any products that embody the claimed inventions of the '046 Patent.

13. Defendant was made aware of the Patent-in-Suit, and Mediatek's infringement of the Patent-in-Suit, on February 1, 2019.

14. Defendant directly infringed the '046 Patent, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by making, using, offering to sell, selling, and/or importing into the United States products that satisfy each and every limitation of one or more claims of the '046 Patent. Such products include microchips and SoCs with embedded RAM including, but not limited to, the MediaTek MT7686, MT8167B, and MT8127, among other products ("Accused Products").

15. Defendant has also willfully infringed the '046 Patent, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by deliberately and

intentionally making, using, offering to sell, selling, and/or importing into the United States products that satisfy each and every limitation of one or more claims of the '046 Patent.

16. Defendant has indirectly infringed one or more claims of the '046 Patent by knowingly and intentionally inducing others, including MediaTek customers and end-users, to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling and/or importing into the United States infringing products, including the Accused Products.

17. Defendant, with knowledge[1] that these products, or the use thereof, infringed the '046 Patent at least as of February 1, 2019, knowingly and intentionally induced, direct infringement of the '046 Patent by providing these products to end users for use in an infringing manner.

18. Defendant induced infringement by others, including end users, with the intent to cause infringing acts by others or, in the alternative, with the belief that there was a high probability that others, including end users, infringe the '046 Patent, but while remaining willfully blind to the infringement.

19. For example, Defendant has directly infringed at least claim 9 of the '046 Patent by making, using, offering to sell, selling, and/or importing into the United States the Accused Products.

20. For example, the MT8176B performs a method of reading data from a memory array. The MT7686 performs the step of retrieving one of a plurality of data words from the

---

[1] Innomemory sent a Notice Letter dated February 1, 2019, including claims charts, to MediaTek's Corporate Vice President and General Counsel, David Su. Thereafter, in a letter dated March 28, 2019, Judy Liu, a member MediaTek's in-house Intellectual Property Division, confirmed receipt of Innomemory's Notice Letter. As such, MediaTek had actual knowledge of the Patent-in-Suit and the alleged infringement of same on or by February 1, 2019.

memory array in a read clock cycle when addressing separate single unrelated memory locations. The MT8176B performs the step of retrieving more than one data words from the memory array in the read clock cycle when accessing bursts of related memory locations.

21. Innomemory has suffered damages as a result of Defendant's direct and indirect infringement of the '046 Patent in an amount to be proved at trial. Defendant's infringement of the '046 Patent was willful, entitling Innomemory to an award of treble damages, reasonable attorneys' fees, and costs in bringing this action.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury for all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Innomemory prays for relief against Defendant as follows:

a. Entry of judgment declaring that Defendant has directly and/or indirectly infringed one or more claims of each of the Patent-in-Suit;

b. Entry of judgment declaring that Defendant's infringement of the Patent-in-Suit has been willful and deliberate;

c. An order awarding damages sufficient to compensate Innomemory for Defendant's infringement of the Patents-in-Suit, but in no event less than a reasonable royalty, together with interest and costs;

d. Entry of judgment declaring that this case is exceptional and awarding Innomemory its costs and reasonable attorney fees under 35 U.S.C. § 285; and

e. Such other and further relief as the Court deems just and proper.

Dated: May 26, 2023                                  Respectfully submitted,

                                                     */s/ John Andrew Rubino*
                                                     John Andrew Rubino

NY Bar No. 5020797
Email: jarubino@rubinoip.com
Michael Mondelli III
NY Bar No. 5805114
Email: mmondelli@rubinoip.com
**RUBINO LAW LLC**
51 J.F.K. Parkway
Short Hills, NJ 07078
Telephone: (201) 341-9445
Facsimile: (973) 535-0921

Justin Kurt Truelove
Texas Bar No. 24013653
Email: kurt@truelovelawfirm.com
**TRUELOVE LAW FIRM, PLLC**
100 West Houston
Marshall, Texas 75670
Telephone: 903-938-8321
Facsimile: 903-215-8510

**ATTORNEYS FOR PLAINTIFF,
INNOMEMORY LLC**